# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CRIMINAL NO. 06-3033-M |
| GEORGE OMELANCZUK, | ) | |
| Defendant. | ) | |

FILED JUN 14 2006 JOHN M. WATERS, Clerk U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS

## ORDER SETTING CONDITIONS
## OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)   The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)   The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3)   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.  The defendant shall next appear at on .

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

(X)   (4)   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X)   (5)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of <u>Ten Thousand</u> dollars ($ 10,000 O/R Bond ) in the event of a failure to appear as required or violation of any of the other conditions set forth in this order, or to surrender as directed for service of any sentence imposed.


Copies to:    Defendant
              Defendant's Attorney
              U.S. Marshal
              U.S. Attorney
              U.S. Probation

AO199A (Rev. 8/94AO 12/99CD/IL) Order Setting Conditions of Release

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )   (6)   The defendant is placed in the custody of:

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy

Date: _____

(X)  (7)   The defendant shall:
(X)  (a)   report on a regular basis to the supervising officer. REPORT TO THE U.S. PROBATION OFFICE.
( )  (b)   execute a bond or agreement to forfeit upon failing to appear as required the following sum of money or designated property:
( )  (c)   post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above described .
( )  (d)   execute a bail bond with solvent sureties in the amount of $ .
(X)  (e)   maintain or actively seek employment.
( )  (f)   maintain or commence an educational program.
(X)  (g)   surrender any passport to the U.S. District Clerk, 151 U.S. Courthouse, 600 E. Monroe, Springfield, IL 62701 within 7 days.
( )  (h) . obtain no passport.
(X)  (i)   abide by the following restrictions on personal association, place of abode or travel: TRAVEL IS RESTRICTED TO THE CENTRAL DISTRICT OF ILLINOIS AND NORTHERN DISTRICT OF ILLINOIS.
( )  (j)   avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: .
( )  (k)   undergo medical or psychiatric treatment and/or remain in an institution as follows:
( )  (l)   return to custody each (week)day as of  o'clock after being released each (week)day as of  o'clock for employment, schooling, or the following limited purpose(s) .
( )  (m)   maintain residence at a halfway house or community corrections center, as deemed necessary by the pre-trial services office or supervising officer.
(X)  (n)   refrain from possessing a firearm, destructive device, or other dangerous weapons.
( )  (o)   refrain from ( ) any ( ) excessive use of alcohol.
( )  (p)   refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( )  (q)   submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. You shall pay all or part of the cost of the testing based upon your ability to pay as determined by the pretrial office or supervising officer.
( )  (r)   refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment including testing to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer.
( )  (s)   refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.
( )  (t)   participate in one of the following home confinement components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial office or supervising officer.
( )(i) **Curfew.** You are restricted to your residence everyday ( ) from to , or ( ) as directed by the pretrial services office or supervising officer; or

AO199A (Rev. 8/94AO 12/99CD/IL) Order Setting Conditions of Release

|  |  |  |
|---|---|---|
| (X) | (u) | ( )(ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial office or supervising officer; or<br>( )(iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial office or supervising officer.<br>report within 72 hours, to the pretrial office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. |
| ( ) | (v) | |
| ( ) | (w) | |

## Advice of Penalties and Sanctions

**TO THE DEFENDANT:**
**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State          Telephone

### Directions to United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 6/14/06

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
U.S. MAGISTRATE JUDGE